Rehearing granted, February 4, 2004

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellant,*

v.                                          No. 02-4413

DOUGLAS L. JOHNSON,
    *Defendant-Appellee.*

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Matthew J. Perry, Jr., Senior District Judge.
(CR-01-677)

Submitted: May 19, 2003

Decided: November 4, 2003

Before WILKINSON and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

J. Strom Thurmond, Jr., United States Attorney, Jane B. Taylor, Assistant United States Attorney, Columbia, South Carolina, for Appellant. Louis H. Lang, CALLISON, TIGHE & ROBINSON, L.L.P., Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

The United States appeals the eighty-four-month sentence imposed upon Douglas Johnson pursuant to his conviction for possession with intent to distribute in excess of fifty grams of crack cocaine. We vacate and remand.

At sentencing, the district court granted the United States' motion for downward departure based on Johnson's substantial assistance to the government. The United States contends that the district court departed downward from Johnson's original guideline range of 135-168 months. The United States further argues that the court instead should have departed downward from 240 months, the minimum sentence to which Johnson was statutorily subject and the sentence that became Johnson's guideline sentence pursuant to *U.S. Sentencing Guidelines Manual* § 5G1.1(b) (2002).

Our review of the sentencing transcript reveals that, although the district court initially determined that it would depart downward from the original guideline range, the court subsequently corrected itself and stated on at least two occasions that its starting point for the departure was 240 months. However, under the procedure endorsed in *United States v. Pillow*, 191 F.3d 403, 406-07 (4th Cir. 1999), the departure from 240 months to eighty-four months was unwarranted. *Pillow* specifically stated that when the district court departs below a statutory minimum sentence that becomes the guideline sentence pursuant to USSG § 5G1.1(b), the defendant remains subject to a statutory minimum sentence: the lowest sentence possible under the original guideline range. 191 F.3d at 407. In the subject case, then, Johnson should have received a sentence of not less than 135 months. We accordingly vacate the sentence and remand for resentencing in accordance with *Pillow*.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*